UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SANDRA BERCOVITZ, | ) | Bankruptcy No. 14-44669 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

MEMORANDUM DECISION DENYING CONFIRMATION
OF DEBTOR'S AMENDED PLAN OF REORGANIZATION (Dkt. No. 96)

This matter is before the Court for determination on Confirmation of the Amended Chapter 11 Plan of Sandra Bercovitz (the "Debtor"). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has jurisdiction to determine these matters pursuant to 28 U.S.C. § 1334.

The Debtor filed for bankruptcy to save her home from foreclosure. She is employed as a real estate broker and receives social security income.

On July 13, 2015, the Debtor filed an Amended Chapter 11 Plan of Reorganization (the "Plan"). Select Portfolio Servicing, Inc. ("Select Portfolio"), which services the first mortgage lien on the Debtor's residence (the "Property"), voted to reject the Plan and, on July 27, 2015, filed an Objection to Confirmation (dkt #108) ("Objection") on the basis that the Plan is not feasible. The United States Trustee supports Select Portfolio's Objection.

On September 15, 2015, the Court held an evidentiary hearing on the issue of the Plan's feasibility, at which the Debtor and her son testified.

Code Section 1129 sets forth the requirements for confirmation of a Chapter 11 Plan. *See In re 203 N. LaSalle St. Partnership*, 126 F.3d 955, 960 (7th Cir. 1997), *rev'd on other grounds*, 526 U.S. 434 (1999). The plan proponent bears the burden of proving by a preponderance of the evidence that each of the requirements of Section 1129(a) are met. *In re Mayslake Village-Plainfield Campus, Inc*, 441 B.R. 309, 316 (Bankr. N.D. Ill. 2010); *In re Repurchase Corp.*, 332 B.R. 336, 342 (Bankr. N.D. Ill. 2005).

The Section 1129(a)(11) feasibility standard requiring that confirmation of the plan is not likely to be followed by the liquidation, or further financial reorganization of a debtor imposes on "a bankruptcy judge . . . an affirmative obligation to ensure that a plan of reorganization is feasible." *In re Repurchase Corp.*, 332 B.R. at 343. "The feasibility requirement mandates that the plan proponent offer concrete evidence of sufficient cash flow to fund and maintain both its operations and its obligations under the plan." *In re American Consol. Transp. Cos., Inc.*, 470 B.R. 478, 489 (Bankr. N.D. Ill. 2012) (citing *Coones v. Mut. Life Ins. Co. of N.Y.*, 168 B.R. 247, 255 (D.Wyo. 1994), *aff'd*, 56 F.3d 77 (10th Cir. 1995)). In determining feasibility, a plan proponent is not required to show that the plan is guaranteed to succeed. *In re 203 N. LaSalle St. P'ship*, 126 F.3d at 961-62. Rather, a reasonable assurance of commercial viability is required. *Id.* In making this determination, the court may examine: (1) the adequacy of the capital structure; (2) the earning power of the business; (3) economic conditions; (4) the ability of the management; (5) the probability of the continuation of the same management and (6) any other related matter which determines the prospects of a sufficiently successful operation to enable performance of the provisions of the plan. *In re U.S. Truck Co., Inc.* 800 F.2d 581, 589 (6th Cir. 1986).

Based on the testimony of the Debtor and her son, the Objection and other documents filed in this case, the Court finds that:

(1) The Debtor has not made any mortgage note payments on the Property since early 2010, for more than five years;

(2) The Debtor has not paid property taxes on the Property for more than five years, which the mortgagee has advanced funds to cover;

(3) According to the Debtor's budget, the pre-Petition mortgage note arrears and unpaid property taxes total approximately $434,000, which the Debtor proposes to pay over five years at approximately $87,000/year;

(4) According to the Debtor's budget, the initial minimum payment amount on the mortgage note is currently $4,660.56/month or approximately $55,927/year, but is subject to increase (or decrease) annually because of a variable interest rate;

(5) According to the Debtor's budget, the 2014 property taxes payable in 2015, are approximately $23,600;

(6) The total annual commitment to pay the pre-Petition and post-Petition arrears and property taxes and make the current mortgage note and property tax payments would be approximately $166,000/year;

(7) According to Select Portfolio, the pre-Petition mortgage arrears and taxes total over $545,000, the post-Petition annual mortgage payments will be approximately $93,000, and together with the property taxes will require an annual commitment of $225,561 to maintain the Property;

(8) The Debtor earned real estate commissions of $60,000 and $40,000 in 2014 and 2015, respectively;

(9) The Debtor's income from real estate commissions is variable and unpredictable, and by no means sufficient to maintain the costs of the Property;

(10) The Debtor's son testified that he has an annual income of approximately $70,000 from his popcorn and ATM businesses and is willing to contribute almost 100% of his income;

(11) The income of both the Debtor and her son is speculative; and

(12) Even under the numbers budgeted by the Debtor, including the contribution from her son, the Debtor does not have sufficient cash flow to fund and maintain both the Property and its obligations under the plan.

Accordingly, the Court finds that the Debtor has not met her burden of showing that the Plan is feasible under 11 U.S.C. § 1129(a)(11). The Court will enter a separate order denying confirmation.

Dated: October 19, 2015

ENTER:

*Jacqueline P. Cox*
Jacqueline P. Cox
U.S. Bankruptcy Judge